## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Latonya Pennington,

                Plaintiff,          Case No. 24-12960

v.                           Judith E. Levy
                           United States District Judge

City of Detroit,

                           Mag. Judge Kimberly G. Altman
                Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATE SERVICE OF SUBPOENA ON JOHN A. WALLACE [11]

Before the Court is a motion for alternate service of subpoena on John A. Wallace by Plaintiff Latonya Pennington. (ECF No. 11.) Defendant City of Detroit has not responded to the motion, and the time for it to do so has elapsed. For the reasons set forth below, Plaintiff's motion is granted.

Plaintiff alleges that she is an employee of the City of Detroit, and was subject to discrimination and retaliation in violation of the Fourteenth Amendment of the United States Constitution, the Michigan Whistleblowers' Protection Act, and the Michigan Elliott-

Larsen Civil Rights Act. (ECF No. 1, PageID.6–11.) In her motion, Plaintiff seeks permission to use alternate means to serve a subpoena to appear and testify at a deposition on John A. Wallace, a non-party witness who is Plaintiff's supervisor and allegedly retaliated against Plaintiff. (*Id.* at PageID.7; ECF No. 11, PageID.58.)

Plaintiff wishes to serve Wallace through "posting and certified mail." (*Id.* at PageID.63.) Plaintiff's process server Ronald Franklin states under penalty of perjury that he attempted service at Wallace's home address in Canton, Michigan four times between May 3 and June 4, 2025, but nobody answered the door despite signs that someone was in the home. (ECF No. 11-1, PageID.66.)

## I.    Legal Standard

Federal Rule of Civil Procedure 45(b) provides that "[a]ny person who is at least 18 years old and not a party may serve a subpoena" and that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). Courts are divided on whether Rule 45 requires personal service upon the named individual. *See Monson v. Ghougoian*, No. 18-10638, 2019 WL 2464499, at *1 (E.D. Mich. June 13, 2019); *Oceanfirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752,

753–54 (E.D. Mich. 2011) (collecting cases). While the Sixth Circuit has not conclusively addressed the issue, it has previously affirmed an order quashing a subpoena where the plaintiff failed to comply with the requirements of Rule 45, including personal service. *See Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 552–53 (6th Cir. 2015).

In this district, courts have repeatedly held that Rule 45 also permits service by alternate means. *See Morris v. Abdirahman*, No. 24-13044, 2025 WL 2247536, at *1 (E.D. Mich. Aug. 6, 2025); *Asian Food Serv., Inc. v. Travelers Cas. Ins. Co. of Am.*, No. 18-13454, 2020 WL 230134, at *1 (E.D. Mich. Jan. 15, 2020) (collecting cases). "However, the party seeking to serve a subpoena by alternate means must first 'demonstrate[ ] an inability to effectuate [personal] service after a diligent effort.' Moreover, '[t]he alternate means must be reasonably calculated to achieve actual delivery.'" *Id.* (alterations in original) (quoting *Oceanfirst Bank*, 794 F. Supp. 2d at 754).

## II.  Analysis

In this case, Plaintiff demonstrates an inability to personally serve Wallace "after a diligent effort." *Id.* Franklin made four failed attempts at personal service by going to Wallace's home four times

3

between May 3 and June 4, 2025. (ECF No. 11-1, PageID.66.) Franklin's service attempts were at different times of day and, for at least two of his attempts, there were lights on inside the home. (*Id.*) Franklin states that nobody answered the door each of the four times he attempted service.

Plaintiff also demonstrates that the proposed "alternate means" are "reasonably calculated to achieve actual delivery." *Asian Food Serv., Inc.*, 2020 WL 230134, at *1. This court has stated that "[m]ailing by first-class mail to the actual address of the intended recipient generally will suffice, *see Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 799 . . . (1983), especially when the mailing is accompanied by posting at the known address of the prospective witness." *OceanFirst Bank*, 794 F. Supp. 2d at 754. As such, Plaintiff may serve the deposition subpoena on Wallace by sending the subpoena through certified mail to his Canton, Michigan address and by posting the subpoena at that address.

## III.  Conclusion

For the reasons set forth above, Plaintiff's motion for alternate service of subpoena on John A. Wallace (ECF No. 11) is GRANTED.

IT IS SO ORDERED.

4

Dated: September 3, 2025          s/Judith E. Levy
      Ann Arbor, Michigan          JUDITH E. LEVY
                                  United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 3, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

5